IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-97-CR-083-D(01) |
| WILLIE FRANK KING | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Willie Frank King, appearing *pro se*, has filed a pleading entitled "Writ of Error Pursuant to Audita Querela under the All Writs Act, 28 U.S.C. § 1651." For the reasons stated herein, the pleading should be treated as a motion to correct, vacate, or set aside sentence and dismissed as successive.

I.

A federal jury convicted petitioner of conspiracy, possession with intent to distribute five kilograms or more of cocaine, and unlawful use of a communication facility in violation of 21 U.S.C. § 846, 841(a)(1) & 843(b). Punishment was assessed at 328 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. King*, No. 97-10396 (5th Cir. Oct. 13, 1998), *cert. denied*, 119 S.Ct. 1276 (1999). In addition, two section 2255 motions and a Rule 59(e) motion to amend or alter judgment have been denied by the district court. *See United States v. King*, No. 3-00-CV-0735-D (N.D. Tex. Dec. 28, 2000), *rec. adopted by* Order (N.D. Tex. Jan. 18, 2001), *COA denied*, No. 01-10149 (5th Cir. Jan. 7, 2002) (denying section 2255 motion on the merits after evidentiary hearing); *United States v. King*, No. 3-03-CV-1524-D, 2003 WL 21663712 (N.D. Tex. Jul. 11, 2003), *rec. adopted*

*by* Order (N.D. Tex. Jul. 28, 2003), *COA denied*, No. 03-10869 (5th Cir. Feb. 14, 2004) (treating writ of audita querela as successive section 2255 motion), *United States v. King*, No. 3-97-CR-083-D (N.D. Tex. Aug. 13, 2003) (denying Rule 59(e) motion).

Undeterred, defendant now seeks relief through a writ of audita querela on the ground that he was denied the right to representation at trial by the counsel of his choice, a structural constitutional error under *United States v. Gonzalez-Lopez*, ___ U.S. ___, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006).

II.

The magistrate judge initially observes, as did the court in denying a prior motion filed by defendant, that a writ of audita querela is not available where the defendant "may seek redress under § 2255." *King*, 2003 WL 21663712 at *1, *citing United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). This is true even when a defendant may be procedurally barred from raising a new legal argument in a successive section 2255 motion. As the Ninth Circuit noted in *United States v. Valdez-Pacheo*, 237 F.3d 1077 (9th Cir. 2001):

> [W]e reject Valdez's contention that audita querela is available in his case due to the fact that he is precluded from raising his claim in a § 2255 motion by those provisions of the Antiterrorism and Effective Death Penalty Act of 1996 . . ., that limit the rights of a prisoner to file a second or successive motion. A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.

*Valdez-Pacheo*, 237 F.3d at 1080; *see also Clark v. United States*, No. 04-10269, 112 Fed. Appx. 368 (5th Cir. Nov. 9, 2004) (writ of audita querela not available to circumvent prohibition against filing successive section 2255 motions); *United States v. Jefferson*, No. 03-30874, 95 Fed. Appx. 544 (5th Cir. Apr. 21, 2004), *cert. denied*, 125 S.Ct. 638 (2004) (writ of mandamus attacking errors

that occurred at trial or sentencing properly construed as a successive section 2255 motion); *King*, 2003 WL 21663712 at *1 (writ of audita querela treated as section 2255 and dismissed as successive). Because defendant already has sought post-conviction relief, the court must determine whether he can file this motion without prior approval from the court of appeals.

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

### **RECOMMENDATION**

Defendant's writ of audita querela [Doc. #210] should be treated as a motion to correct, vacate, or set aside sentence and dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE